UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                              Chapter 11

Madison Square Tavern, Inc.                         Case No.

                        Debtor.
----------------------------------------------------------------x

### DECLARATION PURSUANT TO LOCAL BANKRUPTCY RULES

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

       EDWARD DOBRES declares the following pursuant to 28 U.S.C. § 1746:

       1.    I am the president of Madison Square Tavern, Inc. (the "Debtor"). I submit this Declaration in accordance with Local Bankruptcy Rules in support of the Debtor's filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

### The Debtor's Business and Material Events Leading to Chapter 11 Filing

       2.    The Debtor is a New York corporation which operates a restaurant (the "Restaurant") at 150 West 30th Street, New York, NY under a certain lease, dated July 30, 2013 (the "Lease"), with 150 Pin High LLC, 150 Habern LLC and 15 AB LLC as tenants in common (jointly, the "Landlord).

       3.    The Restaurant finds itself requiring Chapter 11 relief in view of a series of unforeseen and unanticipated events that delayed its opening from more than a year's time and now threatens its long term viability. Between outside financing from an SBA backed lender (Greater Hudson Bank) and personal loans, approximately $3 million has been invested to launch the Restaurant.

4. The Lease was signed in July 2013 with a view of operating an upscale bar and restaurant located in the vicinity of Madison Square Garden able to seat more than 400 people. It was contemplated that construction (combining three commercial spaces into one) would take approximately eight (8) months' time to complete. Accordingly, the Debtor negotiated various rent concessions with the goal of opening the Restaurant in or about April 2014.

5. As events unfolded, however, construction was delayed because of a number of issues, including, *inter alia*, in-fighting between the architect and general contractor. Additionally, the New York City permitting process took longer than anticipated, and problems developed with Con Edison, which took about ten (10) months to install expanded gas lines for the Restaurant.

6. As a result, the Restaurant's kitchen did not open for service until approximately August 2015, almost twenty (20) months behind schedule. By this time, the Debtor had exhausted all of its rent concessions and experienced extensive cost overruns. To make matters worse, scaffolding was erected one week after the Lease was signed which was not removed until January of this year.

7. Because of scaffolding, even after the Restaurant opened last summer, many people could not see the location from the street and weekly sales were negatively impacted. Business improved during the Christmas season.

8. Despite the many travails, I still believe the Restaurant is viable, although I realize that a new approach is needed. Accordingly, the Debtor recently engaged a new management group (Simple Venue LLC), which has broad experience in the restaurant business and can devote a team of marketing people and events planners to help revitalize operations.

9. Personally, I am a long-term restaurateur and owned three other restaurants over the last 20 years, including "Dewey's Pub" which is located across the street at 135 West 30th Street. I intend to assist Simple Venue in a lesser role, and will allow the new management team to perform many supervisory functions.

### Reorganization Strategy

10. The overall reorganization strategy is twofold. First from an operational point of view, sales need to improve and reach consistent levels of at least $40,000 per week which is roughly the Debtor's projected break-even point. The new management company, Simple Venue, is optimistic that these levels can be achieved, and the Debtor intends to move expeditiously for Bankruptcy Court approval of the recently executed Management Agreement. Once day-to- day operations are stabilized at profitable levels, the Debtor will be able to attract new investors or a takeout partner, which may include Simple Venue or its affiliates.

11. In the early months of the Chapter 11 case, the Debtor's main goal is to become profitable so a meaningful plan can be developed. Without Chapter 11 protection, the Debtor faces a potential termination of the Lease because of the filing of multiple mechanic's liens by contractors even though the contractor claims are disputed. In any event, the bankruptcy filing will preserve the Debtor's rights under the Lease while the claims of contractors will be addressed are being addressed.

### Local Rule 1007 Disclosures

12. Pursuant to Local Rule 1007-2(a)(2 and 3), no committees were formed prior to the filing of the Petition.

13. Pursuant to Local Rule 1007-2(a)(4), a list of the names and addresses of the creditors holding the 20 largest unsecured claims against the Debtor is attached hereto.

14. Pursuant to Local Rule 1007-2(a)(5), the Debtor has one senior secured creditor, Greater Hudson Bank, which is owed approximately $2.4 million and holds a lien on the Debtor's operating assets. Additionally, a loan of $175,000 was obtained from On Deck Capital repayable daily at a rate of $937.50. On Deck Capital did not file a UCC-1 financing statement and is listed as a general creditor.

15. Pursuant to Local Rule 1007-2(a)(6), a summary of the assets and liabilities of the Debtor is set forth in the Schedules.

16. Pursuant to Local Rule 1007-2(a)(7), I am the sole equity holder of the Debtor.

17. Pursuant to Local Rule 1007-2(a)(8), none of the Debtor's properties or assets are in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents or secured creditor.

18. Pursuant to Local Rule 1007-2(a)(9), the Debtor's has no interests in real property other than the Lease.

19. Pursuant to Local Rule 1007-2(a)(10), the Debtor's assets, books and records are maintained at the Restaurant in the Debtor's accounting software program, known as "QuickBooks".

20. Pursuant to Local Rule 1007-2(a)(12), I am the president of the Debtor and have not received a regular salary because of cash flow difficulties. In 2015, I received certain loan repayments totaling $29,050 in lieu of salary and currently receive approximately $576 per week, or $30,000 per year.

21.     Pursuant to Local Rule 1007-2(b), a pro forma 30-day budget is attached.

The weekly payroll is estimated at approximately $13,000 per week.

Dated: New York, New York
       March 4, 2016

*[signature]*
Edward Dobres

x:\gwfg\new data\yen\word\dobres - madison square tavern - dobed.35974\local rule affidavit 3-3-16.doc

# OPERATING BUDGET

| Expense | | Weekly | Monthly | Yearly |
|---|---|---:|---:|---:|
| | Rent & Utilities | $6,692 | $29,000 | $348,000 |
| | Real Estate Esc. | $160 | $694 | $8,328 |
| | Insurance | $462 | $2,000 | $24,000 |
| | Permits, Licenses, Certifications | $115 | $500 | $6,000 |
| | CPA Fees | $231 | $1,000 | $12,000 |
| | Credit Card Fees | $831 | $3,600 | $43,200 |
| | Phone | $138 | $600 | $7,200 |
| | Linens | $185 | $800 | $9,600 |
| | NuCo | $53 | $228 | $2,736 |
| | Exterminator | $63 | $272 | $3,264 |
| | AutoChlor | $300 | $1,300 | $15,600 |
| | AutoTap | $138 | $600 | $7,200 |
| | Repairs & Maintenance | $923 | $4,000 | $48,000 |
| | Smallwares | $577 | $2,500 | $30,000 |
| | Dry Goods, Cleaning & Office Supplies | $1,154 | $5,000 | $60,000 |
| | Open Table | $277 | $1,200 | $14,400 |
| | Marketing | $1,154 | $5,000 | $60,000 |
| | Marketing/Promoter Commissions | $2,308 | $10,000 | $120,000 |
| COGs | Liquor/Beer/Wine | $5,769 | $25,000 | $300,000 |
| | Food | $3,462 | $15,000 | $180,000 |
| LABOR | Managers | $2,769 | $12,000 | $144,000 |
| | Kitchen Payroll | $4,000 | $17,335 | $208,020 |
| | FOH | $2,308 | $10,000 | $120,000 |
| | Security | $1,615 | $7,000 | $84,000 |
| | DJ's | $1,154 | $5,000 | $60,000 |
| | Management Fees | $2,308 | $10,000 | $120,000 |
| | Contracted Labor | $1,154 | $5,000 | $60,000 |
| | | $40,299 | $174,629 | $2,095,548 |

| Fill in this information to identify the case | |
|---|---|
| Debtor name | Madison Square Tavern, Inc. |
| United States Bankruptcy Court for the: | SOUTHERN DISTRICT OF NEW YORK, MANHATTAN DIVISION |
| Case number (if known): | |

☐ Check if this is an amended filing

## Official Form 204
### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 150 Pin High LLC, 150 Habern LLC, 150 AB c/o Bernstein Real Estate 150 W 30th St New York, NY 10001-4003 | Andrew Hirsch | Lease | Disputed | | | $237,058.55 |
| American Express PO Box 1270 Newark, NJ 07101-1270 | | Trade debt | | | | $53,921.00 |
| Baldor Foods 115 Food Center Dr Bronx, NY 10474 | | Trade debt | | | | $11,047.28 |
| Culinary Depot Equipment 2 Melnick Dr Monsey, NY 10952-3367 | Shlomo Pilchick | Equipment | Disputed | | | $80,587.00 |
| DiCarlo Distributors 1630 N Ocean Ave Holtsville, NY 11742-1838 | Bill Muthig | Trade debt | | | | $23,637.00 |
| Dyna Temp, Inc. 513 Columbia Ave Hillside, NJ 07205-1925 | Larry Robbin | Construction | Unliquidated Disputed | | | $33,988.00 |
| GHS Architects 11 Park Pl Rm 1701 New York, NY 10007-2814 | Gary Silver | Architect | Unliquidated Disputed | | | $241,172.00 |
| Huntington Financial Corp. 31700 W 13 Mile Rd Farmington Hills, MI 48334-2166 | | Loan | Contingent Unliquidated Disputed | | | $181,903.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 1

Software Copyright (c) 1996-2016 CIN Group - www.cincompass.com

Debtor  **Madison Square Tavern, Inc.**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — Total claim, if partially secured | Amount of claim — Deduction for value of collateral or setoff | Amount of claim — Unsecured claim |
|---|---|---|---|---|---|---|
| Mayorqin Electric LLC<br>4 Madison Trl<br>Hopatcong, NJ 07843-1209 | George Mayorquin | Construction | Unliquidated<br>Disputed | | | $21,583.02 |
| On Deck Capital<br>1400 Broadway<br>New York, NY 10018-5300 | Dane Steinbarger | Loan | | | | $204,320.00 |
| Phase III Builders<br>335 Centennial Ave<br>Cranford, NJ 07016-6107 | Kevin Fichiera | Construction | Unliquidated<br>Disputed | | | $245,151.00 |
| Restoration Hardware<br>Bank of America Lock Box Services<br>2706 Media Center Dr. Lock Box LAC 50081<br>Los Angeles, CA 90065 | | | | | | $1,939.73 |
| Shioban Magee<br>20 Morgan Pl<br>New York, NY 10033 | | Settlement of wage dispute | | | | $20,000.00 |
| The Chefs Warehouse<br>1300 Viele Ave<br>Bronx, NY 10474-7134 | | | | | | $938.81 |
| The Lobster Place<br>531 Bryant Ave # 533<br>Bronx, NY 10474-6917 | | Trade debt | | | | $13,557.00 |
| Woolco Foods, Inc.<br>135 Amity St<br>Jersey City, NJ 07304-3509 | | Trade debt | | | | $9,140.00 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                          Chapter 11

Madison Square Tavern, Inc.                                     Case No.

                              Debtor.
------------------------------------------------------------x

## SCHEDULE OF EXECUTORY CONTRACTS

1.  Commercial Lease dated July 30, 2013 for premises at 150 West 30th Street, New York, NY (Stores 5, 6 and Mezzanine and Basement).

2.  Management Agreement with Simple Venue LLC.

3.  Miscellaneous service contracts.

Dated: New York, New York
       March 4, 2016

                                        MADISON SQUARE TAVERN, INC.

                                    By: _____
                                        Name: Edward Dobres
                                        Title: President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

Madison Square Tavern, Inc.                                     Case No.

                                   Debtor.
-------------------------------------------------------------x

## EQUITY INTEREST HOLDERS

    Edward Dobres                    100%

Dated: New York, New York
      March 4, 2016

                                      MADISON SQUARE TAVERN, INC.

                                      By: _____
                                           Name: Edward Dobres
                                           Title:   President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 11

Madison Square Tavern, Inc.                                     Case No.

                          Debtor.
-------------------------------------------------------------x

## SCHEDULE OF LAWSUITS

    None


Dated: New York, New York
      March 4, 2016

                          MADISON SQUARE TAVERN, INC.

                      By: _____
                            Name: Edward Dobres
                            Title:   President

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                  Chapter 11

Madison Square Tavern, Inc.                                Case No.

                                    Debtor.
------------------------------------------------------------x

## RULE 7.1 CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rule of Civil Procedure 7.1, Madison Square Tavern, Inc. certifies that it is a private non-governmental party, and has no corporate parent, affiliates and/or subsidiaries which are publicly held.

Dated: New York, New York
       March 4, 2016

                                            MADISON SQUARE TAVERN, INC.

                                    By:     _____
                                            Name:  Edward Dobres
                                            Title:    President